United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN KOFF,<br><br>    Plaintiff,<br><br>v.<br><br>GREGORY AHERN,<br><br>    Defendant. | Case No. 14-cv-04680-JD<br><br>**ORDER OF DISMISSAL WITH LEAVE TO AMEND AND DENYING PRELIMINARY INJUNCTION**<br><br>Re: Dkt. No. 2 |

Plaintiff, a federal pretrial detainee, has filed a pro se civil rights complaint under 42 U.S.C. § 1983. He has been granted leave to proceed in forma pauperis.

## DISCUSSION

### I.  STANDARD OF REVIEW

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the Court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id*. at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Although a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above

the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570. The United States Supreme Court has explained the "plausible on its face" standard of *Twombly*: "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the alleged deprivation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

## II.     LEGAL CLAIMS

Plaintiff is a federal pretrial detainee being held at Glenn Dyer Jail in Alameda County. He alleges that federal pretrial detainees are treated differently than state pretrial detainees, which amounts to punishment. "The Equal Protection Clause of the Fourteenth Amendment commands that no State shall 'deny to any person within its jurisdiction the equal protection of the laws,' which is essentially a direction that all persons similarly situated should be treated alike." *City of Cleburne v. Cleburne Living Center*, 473 U.S. 432, 439 (1985) (quoting *Plyler v. Doe*, 457 U.S. 202, 216 (1982)).[1]

When challenging his treatment with regard to other prisoners, courts have held that in order to present an equal protection claim a prisoner must allege that his treatment is invidiously dissimilar to that received by other inmates. *More v. Farrier*, 984 F.2d 269, 271-72 (8th Cir. 1993) (absent evidence of invidious discrimination, federal courts should defer to judgment of prison officials). The first step in determining whether the inmate's equal protection rights were violated is to identify the relevant class of prisoners to which he belongs. *Furnace v. Sullivan*, 705 F.3d 1021, 1030 (9th Cir. 2013). The class must be comprised of similarly situated persons so that

---

[1] "Prisoners are protected under the Equal Protection Clause of the Fourteenth Amendment from invidious discrimination based on race." *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974) (citation omitted). Yet, there are no allegations that race is a factor in this case.

1   the factor motivating the alleged discrimination can be identified. *Id*. at 1031 (affirming district
2   court's grant of defendants' motion for summary judgment because inmate failed to raise triable
3   issue of fact that he was treated differently than any other inmate whom the officers did not know
4   was entitled to a vegetarian meal).

5       When a pretrial detainee challenges conditions of his confinement, the proper inquiry is
6   whether the conditions amount to punishment in violation of the Due Process Clause of the
7   Fourteenth Amendment. *See Bell v. Wolfish*, 441 U.S. 520, 535 n.16 (1979). "'[T]he State does
8   not acquire the power to punish with which the Eighth Amendment is concerned until after it has
9   secured a formal adjudication of guilt in accordance with due process of law. Where the State
10   seeks to impose punishment without such an adjudication, the pertinent guarantee is the Due
11   Process Clause of the Fourteenth Amendment.'" *Id*. (quoting *Ingraham v. Wright*, 430 U.S. 651,
12   671-72 n.40 (1977)).

13       Plaintiff alleges that federal pretrial detainees are kept locked in their cells excessively,
14   must have a jail job to be allowed outside of their cells, do not have sufficient recreation time, are
15   overcharged for commissary and telephone services, and do not have the option for a jail job. To
16   the extent plaintiff wishes to raise an equal protection claim, he must provide more information
17   regarding how state pretrial detainees are treated differently. To the extent plaintiff is raising a
18   due process claim, he must provide specific information regarding the claim. Simply stating that
19   the treatment amounts to punishment is insufficient. Plaintiff must also describe specific instances
20   to support his allegations. Plaintiff identifies no specific actions of any defendants in this action
21   and only names as defendant, the Sherriff of Alameda County. If plaintiff believes this is a policy
22   of the county as opposed to actions of specific jail guards he must present this allegation.

23       Plaintiff has also included a jail grievance with a response from jail officials that refutes
24   many of his allegations. It states that cell doors were not locked down as plaintiff suggested and
25   the week prior to his grievance plaintiff received 6-8 hours a day of recreation time. Plaintiff also
26   includes an exhibit that recorded his amount of time outside of his cell. He noted that he received
27   on average 4.78 hours outside of the cell per 24 hour period, over the course of a month. The jail
28   does lock the cell doors at night. Jail officials also noted that if plaintiff wanted more time outside

of his cell he could submit a request for a job.

The complaint will be dismissed with leave to amend for plaintiff to address these issues. Plaintiff must support his claims with more information regarding his treatment and the more beneficial treatment that others receive. Plaintiff must also identify specific defendants and describe their actions or present allegations of a specific policy of the Sherriff's department that violates the constitution.

Plaintiff has also filed a motion for a preliminary injunction. "A preliminary injunction is an extraordinary remedy never awarded as of right." *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 24 (2008) (citation omitted). "The proper legal standard for preliminary injunctive relief requires a party to demonstrate 'that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest.'" *Stormans, Inc. v. Selecky*, 586 F.3d 1109, 1127 (9th Cir. 2009) (quoting *Winter*, 555 U.S. at 20).

To show irreparable harm, the "plaintiff must show that he is under threat of suffering 'injury in fact' that is concrete and particularized; the threat must be actual and imminent, not conjectural or hypothetical; it must be fairly traceable to the challenged action of the defendant; and it must be likely that a favorable judicial decision will prevent or redress the injury." *Summers v. Earth Island Inst.*, 555 U.S. 488, 493 (2009) (citing *Friends of Earth, Inc. v. Laidlaw Environmental Servs. (TOC), Inc.*, 528 U.S. 167, 180-181 (2000)). In sum, an injunction "may only be awarded upon a clear showing that the plaintiff is entitled to relief." *Winter*, 555 U.S. at 22.

Plaintiff's motion for a preliminary injunction repeats the same allegations of the complaint. Plaintiff has failed to demonstrate that he is likely to suffer irreparable harm because the motion does not present specific and concrete allegations that plaintiff is under threat of suffering an injury or that he is likely to succeed on the merits. Plaintiff has not presented sufficient evidence of an equal protection violation or a due process violation to warrant the issuance of such an extraordinary remedy. The motion is denied.

**CONCLUSION**

1. The complaint is **DISMISSED** with leave to amend. The amended complaint must be filed within **twenty-eight (28) days** of the date this order is filed and must include the caption and civil case number used in this order and the words AMENDED COMPLAINT on the first page. Because an amended complaint completely replaces the original complaint, plaintiff must include in it all the claims he wishes to present. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). He may not incorporate material from the original complaint by reference.

2. The motion for a preliminary injunction (Docket No. 2) is **DENIED**.

3. It is the plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address," and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED**.

Dated: March 9, 2015

_____
JAMES DONATO
United States District Judge

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN KOFF,<br><br>        Plaintiff,<br><br>    v.<br><br>GREGORY AHERN,<br><br>        Defendant. | Case No.   14-cv-04680-JD<br><br>**CERTIFICATE OF SERVICE** |

    I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

    That on 3/9/2015, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Kevin  Koff
ULX879
550 6th Street
Oakland, CA 94607

Dated: 3/9/2015

                                                                Richard W. Wieking
                                                                Clerk, United States District Court

                                                               By: *Lisa R. Clark*
                                                               LISA R. CLARK, Deputy Clerk to the
                                                              Honorable JAMES DONATO